[Strange v. Gunn.]

# Strange *v.* Gunn.

*Petition for Partition of Personal Property among Joint Owners.*

1. *How infant may sue.*—A petition for the partition of property, owned partly by an infant (Rev. Code, § 3105), may be filed in the name of the infant by his next friend, or in the name of his guardian.

2. *Description of property in petition.*—"A certain law library, consisting of about fifteen hundred volumes of text-books and reports," without more, is not a sufficient description of the property sought to be divided.

APPEAL from the Probate Court of Macon.

In the matter of the petition of "John Strange, an infant under the age of twenty-one years, by his next friend, Benjamin Strange," for the partition of "a certain law library, consisting of about fifteen hundred volumes of text-books and reports," which was alleged to belong to the petitioner and George W. Gunn as owners in common. George W. Gunn, who was made a defendant to the petition, appeared, and demurred to it, because the infant should have sued by his guardian, and not by his next friend; and because it did not contain a sufficient description of the property. The court sustained the demurrer, and dismissed the petition; and its decree is now assigned as error.

W. C. BREWER, for appellant.—In courts of equity, infants sue by next friend; in courts of law, by guardian, or by next friend.—Story's Eq. Pl. 58, note 3; 2 Inst. 261; 1 Black. 464; *Hooks v. Smith,* 18 Ala. 338. In cases of partition, at common law, jurisdiction was claimed and exercised by both tribunals; and by analogy to the rule of practice in either, the petition in this case was properly filed, in the absence of statutory provisions prescribing a different rule.—Rev. Code, §§ 2526, 2426; *Longmire v. Pilkington,* 37 Ala. 296. In the description of the property, greater particularity is not required, than in cases of detinue or trover.—*Fennell v. Tucker,* 49 Ala. 453; *Haynes v. Crutchfield,* 7 Ala. 189; Gould's Pleading, ch. 4, §§ 26, 35, 36.

W. C. McIVER, *contra,* cited *Tate v. Gilbert,* 3 Stew. & P. 114; *Hutton v. Williams,* 35 Ala. 503; *Longmire v. Pilkington,* 37 Ala. 296.

[Jones v. Jones.]

STONE, J.—The proceeding in this case is purely statutory.—Rev. Code, §§ 3105, *et seq.* Section 3105, under which the petition was filed, is made up of section 2677 of the Code of 1852, and the act "to enlarge the jurisdiction of the Probate Courts of the several counties of this State," approved February 8, 1858—.Pamph. Acts, p. 252. Construing the section of the Code in the light of said statute, we think it was permissible to institute the proceeding in the name of the infant by next friend, or in the name of the guardian of the infant, at the option of the pleader.—Rev. Code, § 2526.

2. We think, however, that the property sought to be divided is not sufficiently described. "A certain law library, . . consisting of about fifteen hundred volumes of text books and reports," is the description given in the petition. This is too general and indefinite. It must be so described, as that an issue can be formed on the allegation of joint or common ownership; that testimony can be adduced, and an intelligent decree rendered on such allegation and issue; and that the commissioners appointed may know precisely what they are required to divide or partition between the parties interested. Less than this will leave them without the information and means necessary to perform the service required of them.—Rev. Code, §§ 3108, *et seq.*

Decree of the Probate Court affirmed.